**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **THOMAS FRANKLIN SELLERS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:23-cv-00581-Y** |
| **AMERICAN ECONOMY** | § | |
| **INSURANCE COMPANY;** | § | |
| **TRAVELERS PERSONAL** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT AMERICAN ENCONOMY INSURANCE COMPANY'S**
**BRIEF IN SUPPORT OF ITS MOTION TO CAP ATTORNEY'S FEES**

Defendant American Economy Insurance Company ("AEIC") files this its Brief in Support of Its Motion to Cap Attorneys' Fees pursuant to Section 542A.007(d) of the TEXAS INSURANCE CODE, and would respectfully show the Court as follows:

**I.**
**SUMMARY OF MOTION**

Plaintiff filed this action alleging that Defendants violated the Texas Prompt Payment of Claims Act ("TPPCA"). However, Plaintiff failed to give a statutorily compliant pre-suit notice to AEIC at least sixty-one (61) days prior to filing this lawsuit as required by sections 541.154 and 542A.003 of the TEXAS INSURANCE CODE. Therefore, pursuant to section 542A.007(d) of the TEXAS INSURANCE CODE, AEIC is entitled to an order precluding Plaintiff from recovering attorneys' fees incurred after the date that AEIC files this Motion.

**II.**
**BACKGROUND**

On May 12, 2022, Plaintiff informed AEIC that his home located at 3812 W. 4th St., Fort Worth, Texas 76107 (the "Property") had been damaged by a hailstorm that had occurred on

October 10, 2021. AEIC responded that October 10, 2021 fell outside of AEIC's policy period for the Property as AEIC's policy became effective on February 5, 2022. Several weeks later, Plaintiff called AEIC and claimed that his Property had been damaged by hail on March 21, 2022. After conducting several inspections of the Property, including an inspection with an engineer, AEIC sent a final coverage decision letter to Plaintiff, informing Plaintiff that there was no coverage for hail damage to the Property's roof because the hail damage occurred outside of AEIC's policy period.[1]

On March 2, 2023, Plaintiff filed a lawsuit against Defendants claiming that Defendants violated the TPPCA. On April 2, 2023, Plaintiff sent Defendants' counsel the following email (the "April 2 Email"):

Counsel:

Now, that everyone has answered in one way or another, Plaintiff hereby gives notice of his specific demand to replace the roof and all related fittings at 3812 W. 4th St., Fort Worth, Texas 76107.

Here are the required notices under Tex. Ins. Code Section 541.154:
- Plaintiff to date has incurred $120,000 in estimated damages for the replacement costs of the roof and fittings,
- The expenses incurred are approximately $1,000.00; and
- The attorneys fees incurred to date are approximately $1,500.00.[2]

After co-defendant Travelers Personal Insurance Company ("Travelers") filed a motion to preclude attorney's fees based on the fact that Plaintiff had not filed a pre-suit notice, Plaintiff filed motion to voluntarily dismiss his lawsuit without prejudice, which the court granted on April 19, 2023.

On June 8, 2023, Plaintiff filed the present action alleging that Defendants violated the TPPCA in the handling of his insurance claims for hail-related damage to the Property that

---

[1] App. at 3-4.

[2] App. at 5-8.

allegedly occurred on October 10, 2019, April 19, 2020, April 27, 2020, March 21, 2022, "and other dates thereafter."[3] Plaintiff's action thus falls under section 542A of the TEXAS INSURANCE CODE. However, as with his previous lawsuit, Plaintiff failed to serve a statutorily compliant pre-suit notice before filing his current complaint. AEIC filed its answer to Plaintiff's complaint on July 13, 2023. This motion is being served within 30 days of AEIC's answer.

Although Plaintiff claims in his complaint that the April 2 Email is a pre-suit notice, the email is not statutorily compliant. Plaintiff further claims that he "timely gave notice of his claims throughout the claims process." However, as more fully explained below, both the April 2 Email and the correspondence between AEIC and Plaintiff or his representatives during the claims handling process fail to comply with the statutory requirements for a pre-suit notice under sections 541.154 and 542A.003 of the TEXAS INSURANCE CODE. Plaintiff's failure to serve a pre-suit notice entitles AEIC to an order capping Plaintiff's attorneys' fees to those reasonably and necessarily incurred, if any, before the date AEIC filed this Motion.

## III.
## ARGUMENT AND AUTHORITIES

### A. STANDARD

Chapter 542A of the Texas Insurance Code "applies to an action on a claim against an insurer or agent, including . . . an action alleging a breach of contract" or brought under Chapters 541 or 542 of the TEXAS INSURANCE CODE or Chapter 17 of the TEXAS BUSINESS & COMMERCE CODE. For purposes of Chapter 542A, the term "claim" is defined as "a first-party claim that arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane,

---

[3] Dkt. 1, ¶¶ 8 and 12.

hail, wind, a snowstorm, or a rainstorm."[4] As Plaintiff has filed this lawsuit claiming that his Property was damaged by various hailstorms, the provisions of Chapter 542A apply to this case.

Plaintiff was therefore required to comply with Section 542A.003 of the TEXAS INSURANCE CODE, which provides as follows:

> In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.[5]

Although Plaintiff only seeks relief under Chapter 542 of the Texas Insurance Code and not under Chapter 541, as Plaintiff states in his April 2 Email that he is giving "the required notices under Tex. Ins. Code Section 541.154," this motion will also analyze the notice requirements under section 541. Section 541.154 states that "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed."[6]

In addition to providing notice at least 61 days before commencing suit, the notice under section 542A.003 must include the following:

> (1) a statement of the acts or omissions giving rise to the claim;

> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney.[7]

---

[4] TEX. INS. CODE § 542A.001.

[5] TEX. INS. CODE § 542A.003(c).

[6] TEX. INS. CODE § 541.154.

[7] TEX. INS. CODE § 542A.003(b).

A plaintiff is excused from providing a notice under section 542A only if giving such a notice is impracticable because the plaintiff "has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire" or the plaintiff asserts his action as a counter-claim.[8]

Meanwhile, notice under section 541.154 must provide:

(1) the specific complaint; and

(2) the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person.[9]

Should a plaintiff fail to comply with section 542A.003, the plaintiff may not recover any attorney's fees as of the date that a defendant files a motion to cap such fees, per the following provision:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, **the court may not award** to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.[10]

In other words, section 542A.003 mandates that a plaintiff provide a statutorily compliant written notice to a defendant at least 61 days prior to the commencement of an action to which Chapter 542A applies. A defendant that does not receive notice conforming to the requirements of Section 542A.003 may plead and prove that it did not receive such notice within 30 days of

---

[8] TEX. INS. CODE § 542A.003(d).

[9] TEX. INS. CODE § 541.154(b).

[10] TEX. INS. CODE § 542A.007(d) (emphasis added). See also *Vuong Huynh Corp v. Certain Underwriters at Lloyd's, London*, 2020 WL 6992868, at *3 (E.D. Tex. Sept. 22, 2020); *Nexxt Holding, Inc. v. Travelers Cas. ins. Co. of A*m, 2020 WL 5702095, at *2 (S.D. Tex. Sept. 24, 2020); *Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, 2020 WL 4284710, at *9 (N.D. Tex. July 27, 2020); *Kiwi Hosp. - Houston, LLC v. Mt. Hawley Insurance Co.*, 2020 WL 6278694, at *2 (S.D. Tex. May 7, 2020); *J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, 2019 WL 453378, at *7 (S.D. Tex. Jan. 14, 2019), report and recommendation adopted, 2019 WL 450681 (S.D. Tex. Feb. 4, 2019).

the defendant's answer.[11] If a defendant files such a pleading, the court may not award the plaintiff attorney's fees that are incurred after the date that the pleading was filed.

## B.   THE APRIL 2, 2022 "NOTICE" IS NOT STATUTORILY COMPLIANT

Plaintiff claims in his complaint that his April 2 Email is a proper pre-suit notice under the Texas Insurance Code. However, the April 2 Email does not include "the specific complaint" alleged or any "statement of the acts or omissions giving rise to the claim."

In *Sarwar v. General Star Indemnity Company*, No. 3:22-CV-0941-G, 2023 WL 36073, (N.D. Tex. Jan. 3, 2023), the court held that the plaintiff's adjuster's email to the insurance carrier in which the adjuster attached an estimate and stated that the carrier was "in violation of the Texas Claims Handling practices, which General Star is subject to" was not a pre-suit notice because the adjuster' email "[did] not include the acts or omissions that give rise to the claim."[12] The court, in granting the carrier's motion to cap Sawar's attorney's fees, went on to state that:

> Instead of "detailing how [the insurer] allegedly breached the insurance contract and the duty of good faith," the May 2021 email does not provide any information about Sarwar's claims. The email at best implies that there is an insurance dispute, but does not provide any information about the dispute, the policy, or how General Star was acting in bad faith by denying the claim that would facilitate a settlement negociation (sic). Therefore, Sarwar did not provide adequate pre-suit notice under section 542A.003(b).[13]

Like the email in Sarwar, Plaintiff's April 2 Email "at best implies that there is an insurance dispute, but does not provide any information about the dispute, the policy, or how [AEIC] was acting in bad faith by denying the claim that would facilitate a settlement negotiation." The complete and total lack of any statements of the alleged acts or omissions giving rise to Plaintiff's claim and the lack of any specific details or any details at all regarding

---

[11] TEX. INS. CODE § 542A.007(d).

[12] *Sarwar v. General Star Indem. Co.*, No. 3:22-CV-0941-G, 2023 WL 36073, at *3 (N.D. Tex. Jan. 3, 2023).

[13] *Id.* (internal citations omitted).

Plaintiff's complaint against the Defendants makes the April 2 Email non-compliant with either section 541.154 or 542A.003 of the TEXAS INSURANCE CODE. The April 2 Email does not constitute a pre-suit notice in compliance with the Texas Insurance Code.

**C.    PLAINTIFF'S CORRESPONDENCE TO DEFENDANTS DURING THE CLAIMS HANDLING PROCESS DOES NOT CONSTITUTE A PRE-SUIT NOTICE AS A MATTER OF LAW**

Plaintiff claims that he gave Defendants "timely notice of his claims throughout the claims process."[14] Plaintiff appears to be referring to the correspondence between Defendants and himself or his representatives during the adjusting period. However, such correspondence would necessarily be nothing more than typical claim correspondence between adjusters and an insured or the insureds' representative while the claim is in the process of being adjusted and prior to any denials of the claim.

If ordinary correspondence between a carrier and its insureds during the adjustment process constituted statutory pre-suit notice, adjusters would be forced to pay whatever is demanded through estimates submitted by the insureds or their representatives during the claims handling process or risk being sued before having a chance to fully adjust the claim, and even before a dispute arises. At least two district courts in Texas, including in the Northern District, have held that correspondence between an insurer and carrier sent before a carrier has denied a claim do not constitute a statutory pre-suit notice as a matter of law.

In *Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, 2020 WL 4284710 (N.D. Tex. July 27, 2020), the defendant filed a motion to cap attorney's fees due to the plaintiff's failure to serve a pre-suit notice. The plaintiff argued that correspondence between his adjuster and representative during the claims handling process, including the plaintiff's estimate of alleged damage to the plaintiff's property, were sufficient to meet the presuit notice requirement

---
[14] Dkt. 1, ¶ 15.

under the Texas Insurance Code. The court stated that "[t]he Texas Insurance Code reads, in pertinent part, that presuit notice must contain 'a statement of the acts or omissions giving rise to the claim'…However, at the time of the correspondence, [defendant] had not yet denied the plaintiff's claim. The plaintiff could not have provided presuit notice of his legal claim before the claim existed; thus, the court concludes that the plaintiff did not provide presuit notice to [defendant]."[15] Based on the foregoing reason, the *Tadeo* court granted the Defendant's motion to cap attorney's fees.

Likewise, in *Kiwi Hosp. - Houston, LLC v. Mt. Hawley Insurance Co.*, 2020 WL 6278694 (S.D. Tex. May 7, 2020), in response to a carrier's motion to cap attorneys' fees, the plaintiff contended that it had timely provided its carrier sufficient pre-suit notice because, during the adjustment of the claim, the plaintiff's public adjuster submitted an estimate for $1,878,525.17, which the plaintiff characterized as "the specific amount alleged to be owed on the claim."[16] Sometime later, the carrier ended up paying the plaintiff $423,241.39 for damages.[17] No further notice was provided to the carrier before plaintiff filed suit. The court held that the public adjuster's estimate, sent "prior to Mt. Hawley's decision on the claim, does not constitute presuit notice as required by Texas Insurance Code §§ 542A.003(b)(2) and 542A.007(d)....Thus, the Court finds Kiwi should be precluded from recovering any attorneys' fees incurred after" the date the carrier filed its motion to deny attorney's fees.[18]

The correspondence between Plaintiff and AEIC during the claims handling process did not constitute a pre-suit notice. Further, during the claims handling process, neither Plaintiff nor

---

[15] *Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, 2020 WL 4284710, at *9 (N.D. Tex. July 27, 2020) (internal citations to the record omitted).

[16] *Kiwi Hosp. - Houston, LLC v. Mt. Hawley Insurance Co.*, 2020 WL 6278694, at *2 (S.D. Tex. May 7, 2020)

[17] *Id.*

[18] *Id.*

his representatives ever submitted an estimate or any correspondence containing the amount of damages sought for alleged storm related damage to the Property. Even if Plaintiff had submitted such documents, the documents would not constitute a pre-suit notice because they would have been submitted during the adjustment phase of the claim. Thus, any correspondence that Plaintiff may proffer in response to this Motion, sent while the claim was in the adjustment phase, is not statutory notice under the Insurance Code.

### D. PLAINTIFF CANNOT DEMONSTRATE THAT PROVIDING DEFENDANTS WITH A PRE-SUIT NOTICE WAS IMPRACTICABLE

Finally, Plaintiff cannot demonstrate that providing Defendants with a pre-suit notice was impracticable because he had no reasonable basis for believing there was insufficient time to give the presuit notice before the limitations period would expire. Under Texas law, the statute of limitations for causes of actions based on an insurer's alleged wrongful denial of a claim begin to run from the date the carrier sends the insured a written denial or partial denial of the claim.[19]

Plaintiff's cause of action against AEIC for violation of the TPPCA, and any other causes of actions based on AEIC's handling of his claim, began to run, at the latest, on January 16, 2023, the date AEIC sent Plaintiff its final decision letter denying Plaintiff's claim. The statute of limitation on Plaintiff's TPPCA cause of action is two years. The limitation period thus does not expire until January 16, 2025. Further, as previously mentioned, Plaintiff initially filed a lawsuit against Defendants on March 2, 2023, and then voluntarily dismissed it a couple of months later after Travelers filed a motion to cap attorney's fees. There is thus no reason that Plaintiff could not have provided Defendants with a statutorily compliant pre-suit notice at least 61 days before re-filing his lawsuit.

---

[19] *See Castillo v. State Farm Lloyds*, 210 Fed. App'x 390, 394 (5th Cir. 2006) ("we agree with the district court's conclusion that [Plaintiff's] cause of action began to accrue, at the latest, upon the issuance of the [decision letters].").

## IV.
## CONCLUSION AND PRAYER

Plaintiff was required to provide a statutorily compliant notice at least 60 days before filing suit. Neither Plaintiff's April 2, 2023 Email nor any correspondence submitted during the ordinary course of the claim handling process constitute such notice. Additionally, even if such correspondence or the April 2 Email were to count as attempted notice, the April 2 Email does not contain "a statement of the acts or omissions giving rise to the claim", and the adjustment correspondence do not contain "the specific amount alleged to be owed" by AEIC for damage to the Property or the amount of reasonable and necessary attorney's fees incurred by Plaintiff. Since Plaintiff failed to provide AEIC with a statutorily complaint pre-suit notice, Plaintiff may not recover any attorney's fees incurred after the date that AEIC files this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court grant AEIC's Motion to Cap Attorneys' Fees pursuant to Section 542A.007(d) of the TEXAS INSURANCE CODE, order that Plaintiff shall not recover any attorneys' fees incurred after the date of the filing of this Motion, and for any and all further relief to which AEIC is entitled at law or equity.

Respectfully submitted,

*/s/ Colin Batchelor*

COLIN BATCHELOR
State Bar No. 24043545
JOHALI MUZALIWA
State Bar No. 24092881

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
colin.batchelor@tb-llp.com
johali.muzaliwa@tb-llp.com
**ATTORNEYS FOR DEFENDANT**
**AMERICAN ECONOMY INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

On August 10, 2023, AEIC's counsel conferred with Plaintiff regarding this motion and Plaintiff indicated that he is opposed to this motion.

*/s/ Johali Muzaliwa*
JOHALI MUZALIWA

## CERTIFICATE OF SERVICE

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on August 11, 2023 a true and correct copy of the above and foregoing instrument was served via ECF upon Plaintiff and all counsel of record:

*/s/ Colin Batchelor*
COLIN BATCHELOR