UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS FRANKLIN SELLERS | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00581-Y |
| | § | |
| AMERICAN ECONOMY INSURANCE | § | |
| COMPANY; TRAVELERS PERSONAL | § | |
| INSURANCE COMPANY | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT TRAVELERS'
MOTION FOR PATRIAL SUMMARY JUDGMENT &
DEFENDANT AEIC'S MOTION TO CAP ATTORNEY'S FEES

TO THE HONORABLE JUDGE MEANS:

Plaintiff Thomas Franklin Sellers opposes Defendant Travelers Motion for Partial

Summary Judgment and Defendant AEIC's Motion to Cap Attorney's Fees. Because

both motions address substantially the same issues, Plaintiff's Response addresses

them both contemporaneously for the Court's convenience. Plaintiff's Response,

Brief and Appendix are attached as Exhibits A-C.

As set forth more fully in the accompanying Brief in Opposition to Defendant

Travelers' Motion for Partial Summary Judgment and AEIC's Motion to Cap

Attorney's Fees, Travelers is not entitled to summary judgment relief. In summary,

Travelers has failed to establish that there are no genuine issues of material fact that

should be decided, and likewise have failed to establish that they are entitled to

judgment as a matter of law.

In accordance with Local Rule 56.4(b), Plaintiff submits that the matters required under Local Rule 56.4(a) are set forth in Plaintiff's Brief in Opposition, which is being concurrently filed with this Response pursuant to Local Rule 7-1. Plaintiff incorporates by reference his Brief in Opposition and the accompanying Appendix.

Accordingly, Plaintiff Sellers requests the Court deny Defendant Travelers Motion for Summary Judgment and Defendant AEIC's Motion to Cap Attorney's Fees.

Respectfully submitted,

**WESTFALL SELLERS**

_____/s/ Frank Sellers_____
**Frank Sellers, PC**
Texas Bar No. 24080305
*Frank@westfallsellers.com*
**Thomas Beach**
Texas Bar No. 24131857
*Thomas@westfallsellers.com*
1612 Summit Avenue, Suite 200
Fort Worth, Texas 76102
P: 817.928.4222
F: 817.385.6715
*Attorneys for Plaintiff*

## Certificate of Service

I certify that today, August 16, 2023, a copy of the foregoing was served upon counsel for Travelers and AEIC via the Court's electronic filing system.

*/s/ Frank Sellers*
Frank Sellers

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS FRANKLIN SELLERS | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00581-Y |
| | § | |
| AMERICAN ECONOMY INSURANCE | § | |
| COMPANY; TRAVELERS PERSONAL | § | |
| INSURANCE COMPANY | § | |

BRIEF IN OPPOSITION TO DEFENDANT TRAVELERS'
MOTION FOR PATRIAL SUMMARY JUDGMENT & DEFENDANT AEIC'S
MOTION TO CAP ATTORNEY'S FEES

TO THE HONORABLE JUDGE MEANS:

Plaintiff, Thomas Franklin Sellers, opposes Defendant Travelers' Motion for
Partial Summary Judgment and Defendant AEIC's Motion to Cap Attorney's
Fees. For the following reasons, the Court should deny Defendants' motions.

I.      **Plaintiff's notice was sufficient to meet the requirements of the
        Texas Insurance Code.**

Under the Texas Insurance Code, a Plaintiff that wishes to file suit must give
notice of intent no later than the 61st day before the date the action is filed. Tex.
Ins. Code § 542A.003(a). The notice must contain: (1) a statement of the acts or
omissions giving rise to the claim; (2) the specific amount alleged to be owed by the
insurer on the claim for damage to or loss of covered property; and (3) the amount

of reasonable and necessary attorney's fees incurred by the claimant. Tex. Ins. Code § 542A.003(b)(1)-(3).

Defendant Travelers attached an email sent to them by Plaintiff in their Motion for Partial Summary Judgment. This email, listed as Exhibit B-1, sent on April 1, 2023, provided statutory notice of the decision to file suit. This email was sent 68 days prior to the original complaint filed by Plaintiff on June 8, 2023, therefore it meets the 61-day requirement.

Defendants Travelers and American Economy Insurance Company (AEIC) allege that Plaintiff did not provide sufficient specificity as to the amount owed by the insurer under section 542A.003(b)(2). That section of the Insurance Code requires that the statutory notice must provide "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property." Tex. Ins. Code Ann. § 542A.003(b)(2).

"[T]he requirements for sufficiency of the presuit notice have been extensively litigated, and the majority of cases apply a very low threshold for the presuit notice requirements." *In re Cypress Texas Lloyds*, 13-11-00248-CV, 2011 WL 3631314 (Tex. App.--Corpus Christi Aug. 15, 2011); *Lester v. Logan*, 893 S.W.2d 570, 573 (Tex.App.-Corpus Christi 1994, writ denied) (holding that a demand letter constitutes sufficient pre-suit notice under the DTPA "if it identifies the nature of

the consumer's complaint and the various amounts required to make him or her whole"); *Village Mobile Homes, Inc. v. Porter*, 716 S.W.2d 543, 547 (Tex.App.-Austin 1986, writ ref'd n.r .e.) (holding that pre-suit demand constituted sufficient notice under the DTPA where it itemized the damages necessary to compensate appellee and warned that appellant would file a DTPA cause of action should the defendant refuse to settle because "[a]ppellee is not required ... to disclose the theory of her cause of action; nor is she required to advise appellant of the particular sections she believes it has violated").

As seen in Defendant Travelers' Exhibit B-1, the email from Plaintiff contained the total estimated damages for the replacement costs of the roof and fitting. The email also contained the expenses and attorney's fees that had been incurred at the time of writing. This information satisfies the "very low threshold" requirement of Tex. Ins. Code § 542.003 (b)(2). *In re Cypress Tex. Lloyds*, 2011 WL 3631314, at *8.

Defendants cite *Sarwar v. General Star Indemnity Company*, arguing that the cases involve "nearly identical facts," when in truth the cases are inapposite. *Sarwar v. General Star Indem. Co.*, No. 3:22-CV-0941-G, 2023 WL 36073, at *2-3 (N.D. Tex. Jan. 3, 2023). In *Sarwar,* notice was given by an insurance adjuster rather than the claimant himself. The content of the notice was inadequate because it merely implied there was an insurance dispute and argued the insurer was

violating Texas claims handling practices by not communicating in a timely fashion. *Id.* The instant case is different—the insured sent notice from his own email account and listed damages totaling $120,000 for the replacement cost of the roof and fittings, $1,000 in expenses and $1,500 in attorney's fees. "Acts and omissions" are easily ascertained; Plaintiff's roof was damaged, Plaintiff was insured by Defendants, and Defendants refused to pay. Defendants cite *Sarwar* not because it is salient or "nearly identical," but merely because they like the case's outcome.

Defendant Travelers also cites *Sarwar* to support its contention that because another insurer was copied on the email, it did not receive notice. As stated above, *Sarwar* involved inadequate notice sent from a party other than the claimant, a circumstance *not* found in the present case. *Sarwar*, 2023 WL 36073, at *3. Defendants insured Plaintiff, Defendants denied coverage, and ultimately were given notice of an intent to file suit through the April email (and, frankly, the original petition and complaint which were dismissed). Accordingly, Defendants' contention is unsupported.

The final requirement for sufficient notice under Tex. Ins. Code § 542.003 is that the communication must provide a statement of the acts or omissions giving rise to the claim. Tex. Ins. Code § 542.003 (b)(1). "Texas courts interpreting the

statute have held that notice letters containing specific factual allegations supporting the causes of action, or *at least enough information to imply those facts, satisfy the notice requirement.*" *Dosekun v. State Farm Lloyds*, 833 F. Supp. 2d 662, 665 (S.D. Tex. 2011)(emphasis added); *see Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782, 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189, 191–92 (Tex.App.-Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's notice letter satisfied the notice requirement even though the allegations were general and the specific facts supporting the cause of action were implied).

This information was conveyed in the email, which stated Plaintiff's "specific demand to replace the roof and all related fittings." *See* Defendant's Exhibit B-1. The acts or omissions giving rise to the claim are apparent in the notice alone, and through the communication between Plaintiff and Defendant during the claims process. The Defendant was also made aware of the circumstances surrounding the claim by the *first petition and original complaint* that were filed by Plaintiff prior to the dismissal and re-filing of this case, which painstakingly detailed the acts and omissions giving rise to the claim.

Relevant here, it is important to note the statutory purpose of the Insurance Code's 60-day notice requirement: to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468

(Tex.1992) (quoting *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex.1985)). "The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer." *Dosekun*, 833 F. Supp. 2d at 665; Tex. Ins. Code § 541.156; see also *In Re Behr*, No. 04–05–00895–CV, 2006 WL 468001, at \*2 (Tex.App.-San Antonio Mar. 1, 2006, no pet.) (holding that without pre-suit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156–.159 of the Insurance Code").

As previously stated, Defendants were made aware of the circumstances surrounding the claim not simply from the April email, but through all the circumstances surrounding this matter. The general timeline is as follows:

1. Plaintiff filed suit in state court on March 3, 2023.

2. Defendants answered and subsequently filed for removal to Federal Court later the same month.

3. Prior to filing his original Federal complaint, Plaintiff sent his April 1st notice email, citing the Tex. Ins. Code notice requirement as the reason for the communication, specifying damages and attorney's fees, and stating "Plaintiff hereby gives notice of his specific demand to replace the roof and all related fittings at 3812 W.4th St., Fort Worth, Texas 76107," all of this in

the wake of (and in the same email thread as) Plaintiff's State Petition which clearly detailed all the events leading up to suit.

4. Plaintiff then filed amended pleadings in Federal Court and submitted his Original Complaint and Jury Demand on April 12, 2023.

5. Travelers then filed a motion to limit attorney's fees, asserting Plaintiff did not give notice within 60 days of filing their complaint.

6. In an attempt to settle this issue, Plaintiff filed a motion to dismiss his case with the intention of re-filing so as to cure the condition-precedent error as well as retain the right to recover statutorily available attorney's fees.

7. Plaintiff's motion to dismiss was granted by the Honorable Judge Pittman on April 18, 2023.

8. On May 11, 2023, Travelers conducted an independent inspection of Plaintiff's property at their own request. APP 001-006.

9. On May 30, 2023, AIEC conducted an independent inspection of Plaintiff's property at their own request. *See* APP 001-006.

After all of this, Defendants still claim they did not have notice of the suit. Defendants Travelers and AEIC have been *acutely* aware of the surrounding circumstances and reason for the complaint; Defendants have had ample opportunity (over 5 months) to address these claims via settlement had they chosen

to do so. *See Am. Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (discussing reason to encourage settlements by affording a potential defendant an opportunity to limit damages and expense by making a settlement offer via a pre-suit notice). Defendants have elected not to settle this case and now wield the notice requirement as a sword. Defendants know full well the acts and omissions giving rise to this claim and are simply wasting this Court's time playing semantics.

Despite Plaintiff providing multiple forms of notice, Defendant AEIC cites two cases in which the *only* notice the plaintiffs provide are the pre-suit communications during the claims process: *Tadeo as Tr. of John E. Milbauer T r. v. Great N. Ins. Co.*, 2020 WL 4284710 (N.D. Tex. July 27, 2020); and *Kiwi Hosp. - Houston, LLC v. Mt. Hawley Insurance Co.*, 2020 WL 6 27 8694 (S.D. T ex. May 7, 2020). Both cases are easily distinguishable from the present action.

In *Tadeo*, the plaintiffs outright failed to provide any pre-suit notice, and went so far as to "admit in [their] original petition that [they] did not provide Great Northern with presuit notice." *Tadeo*, No. 3:20-CV-00147-G at *8. The plaintiff in *Tadeo* did not write the defendants an email stating their clear intention of filing suit and the damages sustained, as is true in the present case. Most notably, in *Tadeo*, the *only* evidence of an impending suit were the communications between

the plaintiffs' adjuster and the defendants during the adjustment period; the Court found these communications to be inadequate standing on their own. The defendants in *Kiwi* were similarly situated to those in *Todeo*, in that the only notice they received was an estimate sent by the plaintiff that claimed to be the specific amount owed to them.

Here, correspondence between Plaintiff and Defendants during the adjusting period *was but one of multiple forms of notice*, actual or otherwise, provided to Defendants. Plaintiff's pre-suit communications are simply additional evidence that Defendants were not deprived of notice, and by extension their opportunity to settle this matter prior to the commencement of this action. Notice was provided in the form of the pre-suit communications during the adjustment period, the original petition and complaint filed in both State and Federal Court that were dismissed pursuant to this present suit, the April email which stated Plaintiff's clear intention to file suit, and evidenced by the fact that each Defendant independently sent consultants to inspect Plaintiff's property for damage following the April email.

Moreover, there is nothing in the Insurance Code that suggests all the various forms of notice Plaintiff has provided cannot or should not be considered in concert; there is no specific provision that states notice must be contained within the four-corners of a single document and zero consideration should be given to the

surrounding context of the notice actually provided. For the purposes of §

542A.003, notice means an awareness of the underlying facts giving rise to a suit

and potential attendant monetary damages so as to "give a defendant insurer a

right and opportunity to make a settlement offer." *Dosekun*, 833 F. Supp. 2d at 665.

Defendants in this matter had ample notice, not just through any one piece of

correspondence, but through the aggregation of all of Plaintiff's communications

(not the least of which was the April email which plainly asserted Plaintiff's

intention of pursuing this lawsuit). Defendants cannot pretend they were denied

notice in this action, and we should not pretend along with them.

As we are defending against summary judgment, we need only show the court

that a fact issue exists. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437

S.W.3d 507, 511 (Tex. 2014). The argument from Defendant Travelers that

Plaintiff has not met the "very low threshold" for pre-suit notice requirements is

not a settled matter of fact. *In re Cypress Tex. Lloyds*, 2011 WL 3631314 at *8.

Plaintiff contends that all notice requirements were satisfied, and Defendants were

given extensive opportunity to pursue a settlement but had no interest in doing so.

Plaintiff also contends that the intent of the pre-suit notice was satisfied, and

Plaintiff is entitled to recover attorney's fees in this case. Accordingly, Plaintiff

requests this Court deny Defendant Travelers' Motion for Partial Summary Judgment and Defendant AEIC's Motion to Cap Attorney's Fees.

### CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court deny Defendant Traveler's Motion for Partial Summary Judgment and Defendant AEIC's Motion to Cap Attorney's fees, and find that Plaintiff is entitled to recover attorney's fees incurred on or after July 11, 2023.

Respectfully submitted,

**Westfall Sellers**

    /s/ Frank Sellers
**Frank Sellers, PC**
Texas Bar No. 24080305
*Frank@westfallsellers.com*
**Thomas Beach**
Texas Bar No. 24131857
*Thomas@westfallsellers.com*
1612 Summit Avenue, Suite 200
Fort Worth, Texas 76102
P: 817.928.4222
F: 817.385.6715
*Attorneys for Plaintiff*

## Certificate of Service

I certify that today, August 16, 2023, a copy of the foregoing was served upon counsel for Travelers and AEIC via the Court's electronic filing system.

*/s/ Frank Sellers*
Frank Sellers

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| THOMAS FRANKLIN SELLERS | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00581-Y |
| | § | |
| AMERICAN ECONOMY INSURANCE | § | |
| COMPANY; TRAVELERS PERSONAL | § | |
| INSURANCE COMPANY | § | |

# PLAINTIFF'S APPENDIX

Plaintiff Thomas Franklin Sellers ("Plaintiff") files this Appendix in Support of his Response to Defendants' Motions for Partial Summary Judgment and Cap Attorney's Fees.

Exhibit A:        Email correspondence between Plaintiff and Defendants Travelers and AEIC in which Defendants request times to inspect Plaintiff's property. (App. 001-006).

**Page 1**

Respectfully submitted,

**Westfall Sellers**

/s/ Frank Sellers
**Frank Sellers, PC**
Texas Bar No. 24080305
*Frank@westfallsellers.com*
**Thomas Beach**
Texas Bar No. 24131857
*Thomas@westfallsellers.com*
1612 Summit Avenue, Suite 200
Fort Worth, Texas 76102
P: 817.928.4222
F: 817.385.6715
*Attorneys for Plaintiff*

## Certificate of Service

I certify that today, August 16, 2023, a copy of the foregoing was served upon counsel for Travelers and AEIC via the Court's electronic filing system.

/s/ Frank Sellers
Frank Sellers

---

**Subject:** Re: [EXTERNAL] - Re: Sellers v. Travelers - inspection
**Date:** Wednesday, May 10, 2023 at 2:58:20 PM Central Daylight Time
**From:** Frank Sellers
**To:** Colin Batchelor
**CC:** Alissa Puckett, Cole Thornton, Dustin Hoffman, Chelsea Angelocci
**Attachments:** image003.png, image004.png, image005.png, image006.png, image007.png

Colin -

That will work for us. I'll schedule now.

Sent from my iPhone

Frank Sellers
**Westfall Sellers**
1612 Summit Ave., Suite 200
Fort Worth, Texas 76102
westfallsellers.com

**Confidentiality Notice**: The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

> On May 10, 2023, at 2:31 PM, Colin Batchelor <colin.batchelor@tb-llp.com> wrote:
>
>
> Frank:
>
> AEIC would like to inspect the Property on May 30, 2023, beginning at 11:00 a.m.  Please let me know if this works on your end.
>
> Best regards,
>
> Colin
>
> **Colin Batchelor**
> **Tillman Batchelor LLP**
> 5605 N. MacArthur Blvd., Suite 560

Irving, Texas 75038
214.492.5725 (office)
214.492.5721 (fax)
214.458.2141 (cell)
colin.batchelor@tb-llp.com


***Attorney Work Product/Confidential***
This electronic message transmission contains information that may be confidential or
privileged. The information is intended to be for the use of the individual or entity named
above. If you are not the intended recipient, please be aware that any disclosure, copying,
distribution or use of the contents of this information is prohibited. If you have received this
electronic transmission in error, please notify by telephone at (214) 492-5725 immediately.
Thank you.
--

---

**From:** Alissa Puckett <apuckett@qslwm.com>
**Date:** Wednesday, May 10, 2023 at 10:53 AM
**To:** Frank Sellers <frank@westfallsellers.com>, Cole Thornton
<cole@veritasroofingtx.com>
**Cc:** Colin Batchelor <colin.batchelor@tb-llp.com>, Dustin Hoffman
<dustin@westfallsellers.com>, Chelsea Angelocci <chelsea@drchelsea.com>
**Subject:** RE: [EXTERNAL] - Re: Sellers v. Travelers - inspection

Frank,

We are on for tomorrow.

Regards,



Alissa Puckett
Attorney at Law

214-871-2100 (Main)
214-880-1821 (Direct)
214-871-2111 (Fax)

**Quilling, Selander, Lownds,**
**Winslett, & Moser, P.C.**
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Email: apuckett@qslwm.com
Website: www.qslwm.com

---

**From:** Alissa Puckett
**Sent:** Monday, May 8, 2023 5:10 PM
**To:** Frank Sellers <frank@westfallsellers.com>; Cole Thornton
<cole@veritasroofingtx.com>
**Cc:** Colin Batchelor <colin.batchelor@tb-llp.com>; Dustin Hoffman
<dustin@westfallsellers.com>; Chelsea Angelocci <chelsea@drchelsea.com>

**Subject:** RE: [EXTERNAL] - Re: Sellers v. Travelers - inspection

Frank,

As of today we are planning on proceeding as scheduled. However, the weather may not cooperate.

I will let you know on Wednesday if we need to reschedule. Thanks.



Alissa Puckett
Attorney at Law

214-871-2100 (Main)
214-880-1821 (Direct)
214-871-2111 (Fax)

**Quilling, Selander, Lownds,**
**Winslett, & Moser, P.C.**
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Email: apuckett@qslwm.com
Website: www.qslwm.com

**From:** Frank Sellers <frank@westfallsellers.com>
**Sent:** Monday, May 8, 2023 4:36 PM
**To:** Alissa Puckett <apuckett@qslwm.com>; Cole Thornton <cole@veritasroofingtx.com>
**Cc:** Colin Batchelor <colin.batchelor@tb-llp.com>; Dustin Hoffman <dustin@westfallsellers.com>; Chelsea Angelocci <chelsea@drchelsea.com>
**Subject:** Re: [EXTERNAL] - Re: Sellers v. Travelers - inspection

Just checking back to make sure we are still doing this inspection on May 11th. Please confirm.

Thanks,
Frank

<image003.png>
(817) 928-4222

<image004.png>
frank@westfallsellers.com

**Frank Sellers**
Partner

<image005.png>
westfallsellers.com

<image006.png> 1612 Summit Ave., Ste 200
Fort Worth, TX 76102

---

**Confidentiality Notice**: The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy all copies of this message.

---

**From:** Alissa Puckett <apuckett@qslwm.com>
**Date:** Monday, April 17, 2023 at 1:10 PM
**To:** Cole Thornton <cole@veritasroofingtx.com>
**Cc:** Colin Batchelor <colin.batchelor@tb-llp.com>, Dustin Hoffman <dustin@westfallsellers.com>, Greg Westfall <greg@westfallsellers.com>, Frank Sellers <frank@westfallsellers.com>
**Subject:** RE: [EXTERNAL] - Re: Sellers v. Travelers - inspection

Thank you, Cole. We are confirmed for May 11 at 10 a.m.

Regards,



| Alissa Puckett | |
|---|---|
| Attorney at Law | 214-871-2100 (Main) |
| | 214-880-1821 (Direct) |
| | 214-871-2111 (Fax) |
| | **Quilling, Selander, Lownds, Winslett, & Moser, P.C.** |
| | 2001 Bryan Street, Suite 1800 |
| | Dallas, TX 75201 |
| | Email: apuckett@qslwm.com |
| | Website: www.qslwm.com |

---

**From:** Cole Thornton <cole@veritasroofingtx.com>
**Sent:** Monday, April 17, 2023 10:54 AM
**To:** Frank Sellers <frank@westfallsellers.com>
**Cc:** Alissa Puckett <apuckett@qslwm.com>; Colin Batchelor <colin.batchelor@tb-llp.com>; Dustin Hoffman <dustin@westfallsellers.com>; Greg Westfall <greg@westfallsellers.com>
**Subject:** [EXTERNAL] - Re: Sellers v. Travelers - inspection

I'm available and have everything set up to be there on the 11th but if there are any changes to the schedule just let me know and I'll be as flexible as I can.

On Fri, Apr 14, 2023, 3:54 PM Frank Sellers <frank@westfallsellers.com> wrote:

Alissa:

Sorry I have been up to my eyeballs in trial prep and will be in Midland in trial for the next two weeks.

I am copying my roofing guy, who will be in touch with our slate roofing expert to ensure May 11th works for him. He's graciously offered to respond to everyone to confirm or offer a new date/time.

Thanks,
Frank

**Frank Sellers**
Partner

(817) 928-4222

frank@westfallsellers.com

westfallsellers.com

1612 Summit Ave., Ste 200
Fort Worth, TX 76102

**Confidentiality Notice**: The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy all copies of this message.

**From:** Alissa Puckett <apuckett@qslwm.com>
**Date:** Friday, April 14, 2023 at 3:13 PM
**To:** Frank Sellers <frank@westfallsellers.com>
**Cc:** Colin Batchelor <colin.batchelor@tb-llp.com>, Dustin Hoffman <dustin@westfallsellers.com>, Greg Westfall <greg@westfallsellers.com>
**Subject:** Sellers v. Travelers - inspection

Frank,

I left you a message earlier this week but have not heard back.

Let me know if your residence can be made available to inspect on May 11. Note that this inspection will only involve Travelers' consultants.

Let me know if you have questions. Thanks.



## Alissa Puckett
Attorney at Law

214-871-2100 (Main)
214-880-1821 (Direct)
214-871-2111 (Fax)

**Quilling, Selander, Lownds,**
**Winslett, & Moser, P.C.**
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Email: apuckett@qslwm.com
Website: www.qslwm.com