IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS FRANKLIN SELLERS | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 4:23-cv-00581-Y |
| AMERICAN ECONOMY INSURANCE COMPAY; TRAVELERS PERSONAL INSURANCE COMPANY, | § § § § § § § | |
| Defendants. | § | |

### DEFENDANT AMERICAN ECONOMY INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO CAP ATTORNEY'S FEES

### I.
### INTRODUCTION

Plaintiff's Response to Defendant's Motion provides no viable argument – or authority – as to why his April 2 email constitutes a statutorily compliant demand under the TEXAS INSURANCE CODE. Instead, Plaintiff argues that the April 2 email, along with his correspondence with Defendants during the claims handling process, his pleadings in his previous lawsuit, and the Defendants' inspection of the Property "was but one of multiple forms of notice, actual or otherwise, provided to Defendants."[1] However, the pre-suit notice requirements under sections 541.154(b) and 542A.003 of the TEXAS INSURANCE CODE are not satisfied by the provision of "multiple forms of notice" that may or may not be ascertained from "the circumstances surrounding the claim."[2] Rather, the requirements are satisfied when a single notice which contains the requisite information. Plaintiff has failed to provide a valid, statutorily compliant demand as required by Sections 541.154 and 542A.003 of the TEXAS INSURANCE

---

[1] Dkt. 26, pg. 9.
[2] *See* Dkt. 26 generally.

CODE. The Court should therefore enter an Order precluding Plaintiff from recovering any attorney's fees incurred after the date AEIC filed its Motion.

## II.
## ARGUMENT AND AUTHORITIES

A. **PLAINTIFF'S APRIL 2 EMAIL IS NOT STATUTORILY COMPLIANT BECAUSE IT DID NOT INCLUDE PLAINTIFF'S "SPECIFIC COMPLAINT" OR "A STATEMENT OF THE ACTS OR OMISSIONS GIVING RISE TO THE CLAIM"**

Plaintiff contends in his Response that the statement in his April 2 Email that he was giving notice of his "specific demand to replace the roof and all related fittings" at his Property was a "statement of the acts or omissions giving rise" to his claim against Defendants. By no stretch of the imagination does such a statement give Defendants any notice of any alleged wrongdoing on their part or of Defendants' alleged violations of the TEXAS INSURANCE CODE, either under section 541.154 or 542A.003, nor does such a statement contain enough information from which Defendants could imply such facts.

In *Dosekun v. State Farm Lloyds*, one of the cases to which Plaintiff cites in an attempt to justify his argument that his brief sentence provided Defendants with enough notice of the basis of his claims against them, the plaintiff provided the defendant with a letter which contained the amount of damages sought, attorney's fees, and general factual allegations as follows:

> It seems to be common practice of insurers to do an initial inspection of the loss and pay a relatively small amount of money in hope that the claim will go away or claim the damage is less than the deductible. If the insurer is sued, it takes the position that the insured never told the insurer about "more" damages, or never expressed displeasure in the amount of money initially paid, or never re-opened the claim, or never "proved" more damage.... I believe the evidence in State Farm's file showing its failure to adequately investigate and failure to offer any money to repair the Dosekuns' home proves that State Farm violated these duties.
>
> Hurricane Ike damaged the Dosekuns' home. The Dosekuns retained experts to inspect their home. The experts are qualified [to] evaluate the damage the hurricane caused. The experts inspected the Dosekuns' home and found damage that the hurricane caused. The attached reports detail the damage and needed repairs. We provided the insurer with these reports at least once already and it took no action.[3]

---

[3] *Dosekun v. State Farm Lloyds*, 833 F. Supp. 2d 662, 663-664 (S.D. Tex. 2011).

The court held that the foregoing allegations contained "sufficient factual information about the causes of action for State Farm to imply the bases for Dosekuns' claims."[4] Plaintiff's one line sentence in his April 2 email is a far cry from the allegations contained in Dosekuns' letter, and while "Texas courts do not require a comprehensive factual account of the basis of the plaintiff's claims," Defendants are unable to even "imply the bases for the causes of action asserted" against them from Plaintiff's demand that Defendants "replace the roof and related fittings."[5] The other cases cited by Plaintiff also do not support his position.

For example, in *Lester v. Logan*, the court found that a 5 paragraph letter sent by the plaintiff's attorney to the defendant was a compliant pre-suit notice under the DTPA (which has similar notice requirements to section 541.145 of the Texas Insurance Code) because it contained the plaintiff's specific complaints, advised the defendant of the amount of actual damages which the plaintiff had incurred, and was sent within the requisite time period.[6] The court in *Richardson v. Foster & Sear, LLP*, held that the plaintiff's 6 page letter met the requirements of a DTPA pre-suit demand because it "set out the basis of his complaints against Foster & Sear and the amount of economic and mental anguish damages he seeks," was "sufficiently specific to allow Foster & Sear to determine whether to settle with Richardson or undertake the cost and risk of litigation" and "states Richardson's claims and damages 'in reasonable detail' as required" by the DTPA.[7] The court in *Williams v. Hills Fitness Center* found that the plaintiff's four-paragraph letter was sufficient pre-suit notice under the DTPA because it included the plaintiff's theory of the defendant's liability and described the damages that the plaintiff suffered as a result of the defendant's unlawful conduct.[8] While Plaintiff attempts to place his single sentence on par with the foregoing cases, which notice letters consisted of several paragraphs and even several pages, it is abundantly clear that Plaintiff's single sentence does not, and could not possibly

---

[4] *Id.* at 665.
[5] *Id.*
[6] *Lester v. Logan*, 893 S.W.2d 570, 573-574 (Tex. App.—Corpus Christi 1994, writ denied).
[7] *Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782, 786 (Tex. App.—Ft. Worth 2008, no pet.)
[8] *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189, 192 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.).

provide Defendants with sufficient notice of his specific complaint against Defendants or the acts or omissions giving rise to his claims against them.

Further, Texas courts have held that a notice letter must "include enough detail for the court, knowing nothing of the plaintiff's claims and allegations except what he asserted in his letter, to grasp the basis of his complaints."[9] Moreover, while some Texas courts apply a "very low threshold for the presuit notice requirements," the notice must still provide some factual allegations of the insurer's misconduct in order to even make it past this low threshold.[10] Plaintiff's April 2 email contains no allegations whatsoever, whether factual or legal, of the Defendants' alleged misconduct. It simply states that Plaintiff demands replacement of his roof and related fittings. How and why Defendants are liable for the replacement of Plaintiff's roof and related fittings cannot even be implied from such a statement. It does not contain even scant factual allegation to apprise Defendants or this court of the basis of Plaintiff's complaints. The April 2 email, in utterly failing to provide any details whatsoever of Plaintiff's specific complaint or of the acts or omissions giving rise to his claims, fails to meet the requirements, however low, of sections 541.451 and 542.003 of the TEXAS INSURANCE CODE.

Plaintiff further argues that the *Sarwar* case cited in AEIC's motion in which the court held that the plaintiff's presuit notice did not meet the notice requirements of section 542.003 is inapposite to this case because Plaintiff, as opposed to Plaintiff's representative, gave the alleged notice to Defendants. However, section 542A.003 of the TEXAS INSURANCE CODE clearly states that a claimant or a claimant's representative can provide the requisite notice.[11] The fact that the plaintiff's representative provided the purported notice in *Sarwar* had no bearing on the court's determination

---

[9] *See In re Cypress Tex. Lloyds*, No. 13–11–00248–CV, 2011 WL 3631314, at *8 (Tex. App.-Corpus Christi Aug.15, 2011, orig. proceeding) (mem. op.).
[10] *In re Cypress* at *8 (Listing, immediately after the court's statement that the threshold for pre-suit notice requirements is low, numerous cases which all contain some allegations of the insurer's or insurance adjuster's actions of which the plaintiff(s) complained.)
[11] *See* TEX. INS. CODE § 542A.003(a) and (c); *See also Sarwar v. General Star Indem. Co.*, No. 3:22-CV-0941-G, 2023 WL 36073, at *2 (N.D. Tex. Jan. 3, 2023) ("Pre-suit notice can be furnished by the claimant or his attorney or other representative.")

that the notice was not statutorily compliant. Plaintiff argues that, unlike the purported notice in Sarwar, the acts and omissions giving rise to Plaintiff's claim can be easily ascertained. However, the April 2 email contains even less information than the purported notice in *Sarwar*, which was a paragraph long, in contrast to Plaintiff's single sentence. *Sarwar* held that the purported notice did not "include the acts or omissions that give rise to the claim" and did "not provide any information about Sarwar's claims."[12] Likewise, Plaintiff's April 2 email, including his single sentence demand that Defendants replace his Property's roof and related fittings, does not provide any information about Plaintiff's claims against Defendants, including how each Defendant allegedly mishandled Plaintiff's insurance claim, much less the acts or omissions giving rise to such claims. The April 2 email is simply not a statutorily compliant pre-suit notice.

B. **PLAINTIFF'S CLAIM CORRESPONDENCE, PRIOR CASE PLEADINGS, AND THE DEFENDANTS' INSPECTIONS OF THE PROPERTY DO NOT CONSTITUTE A STATUTORILY COMPLIANT PRE-SUIT NOTICE**

Plaintiff further argues that the acts and omissions giving rise to his claim may be ascertained "through the communication between Plaintiff and Defendant during the claims process," from the "*first petition and original complaint* that were filed by Plaintiff," and from Defendants' inspection of the Property.[13] Plaintiff does concede that his communications with Defendants during the claims handling process do not constitute pre-suit notice, but he nevertheless argues that the claim correspondence "*was but one of multiple forms of notice*, actual or otherwise," provided to Defendants, including Plaintiff's April 2 email, his original petition, and the Defendants' inspections of the Property.[14]

Texas courts have held that a pre-suit notice must be a written notice and "actual or oral notice is not a substitute."[15] The appellees in *The Moving Co. v. Whitten* argued that although they had not strictly

---

[12] *Sarwar*, 2023 WL 36073 at *3.
[13] *See* Dkt. 26 generally. (emphasis in the original).
[14] Dkt. 26, pg. 9 (emphasis in the original).
[15] *The Moving Co. v. Whitten*, 717 S.W.2d 117, 123 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)("It could not be clearer that written notice is required by the statue and actual or oral notice is not a substitute.")

complied with the requirement that they provide a pre-suit notice, the appellants nevertheless "had actual notice of their claim as evidenced by letters from appellants' attorneys denying liability under the DTPA."[16] The court held that "whether appellant's attorney or appellants had actual notice of the DTPA claim is not a relevant inquiry" on whether the appellees served a statutorily compliant pre-suit notice because "written notice [was] required by the statute" and, as previously stated, "actual or oral notice is not a substitute" for such notice.[17] The Supreme Court of Texas in *Hines v. Hash* also stated that "the notice required by statute must be given" and "[o]ther notice, such as actual or oral notice, is insufficient because it does not comply with the statutory insistence upon reasonably certain specificity."[18] Thus, the fact that Defendants may have had actual notice of Plaintiffs' complaint through the claim correspondence, Plaintiff's previous lawsuit, and inspections of the property do not satisfy the requirement that Plaintiff provide Defendants with a written notice that includes reasonably certain specificity of Plaintiff's claims against the Defendants.

Further, as Plaintiff points out several times in his Response, the purpose of the pre-suit notice under both sections 541.541 and 542A.003 of the TEXAS INSURANCE CODE is to "discourage litigation and encourage settlements of consumer complaints by assuring defendant-insurers have time to assess the situation and make a settlement offer."[19] It would defeat both the spirit and the letter of the notice requirement if a plaintiff's petition in a lawsuit, whether singularly or in conjunction with other documents, is deemed to serve as a pre-suit notice. This is especially so since the sole purpose of the *pre-suit* notice requirements is to attempt to avoid lawsuits and litigations. Further, the pre-suit notice is to be served upon a defendant at least 60 days before any lawsuit is filed so as to facilitate a possible

---

[16] *Id.* at 122-123.
[17] *Id.* at 123.
[18] *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992).
[19] *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-CV-00114-O, 2022 WL 2719630, at *2 (N.D. Tex. Apr. 12, 2022); *See also Hines*, 843 S.W.2d at 468 ("The purpose of the…notice provision is…to encourage litigation and encourage settlements of consumer complaints.")(internal quotes omitted); *Carrizales v. State Farm Lloyds, Inc.*, 3:18-cv-0086-L, 2018 WL 1697584, at *4 (N.D. Tex. Apr. 6, 2018) ("The purpose of the similar notice and abatement requirements of sections 542A.003 and 542A.005 is to encourage settlement of disputes without litigation…it would frustrate the purpose of the statute for Plaintiff to fail to provide proper pre-suit notice to Defendants.")(internal quotations omitted).

settlement of the claim and avoid litigation altogether. If a plaintiff's petition can serve as a pre-suit notice, the purpose of the pre-suit notice requirements is utterly thwarted. Plaintiff's claim that his original petition and pleadings in his previous lawsuit against Defendants served as a pre-suit demand is incongruent with the spirit and letter of the notice requirements under sections 541.154 and 542.003 of the TEXAS INSURANCE CODE.

Further, the Defendant's inspection of the Property cannot serve as a pre-suit notice to Defendants of Plaintiff's specific complaint or claims against them because inspections are not "written notice." Further, an inspection, while it may apprise defendant of what its experts may think of the plaintiff's alleged damages, does not apprise the defendant of a plaintiff's specific complaint against the defendant or the acts or omissions giving rise to a plaintiff's claim. A defendant's inspection of the property is thus not a proper pre-suit notice under the TEXAS INSURANCE CODE.

C. **PLAINTIFF'S APRIL 2 EMAIL IS NOT STATUTORILY COMPLIANT BECAUSE IT DOES NOT ALLEGE THE SPECIFIC AMOUNT OWED BY EACH DEFENDANT FOR EACH CLAIM**

The fact that Plaintiff sent both Defendants the same April 2 email with the same exact demand amount renders it unsuitable as a pre-suit notice. In *In re Westchester Surplus Lines Insurance Company*, the insured sought damages from several insurers for alleged damage to the insureds' property from two events that took place over two policy periods.[20] The purported notice that was sent to all the insurers stated that the specific amount the Insureds alleged to be owed was $20,000,000 but provided no detail about the specific amount alleged to be owed by each insurer.[21] Further, the purported notice did not "identify each Insurer's liability."

The court held that the insureds had not met the requirement that they provide the specific amount alleged to be owed by the insurers because the Texas Legislature, in enacting section 542A.003, "does not permit claimants to generally allege *any* amount of money, but to state '*the*

---

[20] *In re Westchester Surplus Lines Insurance Company*, No. 07-22-00329-CV, 2023 WL 4488269 at *1 (Tex. App.—Amarillo July 10, 2023, orig. proceeding) (mem. op.).
[21] *Id.* at *2.

---

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO CAP ATTORNEY'S FEES** Page 7

*specific amount'* allegedly owed **by each insurer for each claim**."[22] The court further stated that "a claimant's notice letter must clearly articulate (a) the precise sum alleged to be owed (b) by each insurer and (c) for each claim."[23] The court held that the insureds, in failing to specify whether they sought recovery from the insurers for one or both of the storm events, and in providing a lump sum total as the specific amount it sought from the insureds, failed "to provide notice regarding the amount allegedly owed by each particular Insurer," and therefore failed to comply with section 542A.003(b)(2) of the TEXAS INSURANCE CODE.[24]

As in Westchester, Plaintiff seeks damages for multiple hail events that allegedly occurred during the period that Traveler's policy was in effect but AEIC's was not, and during the period when AEIC's Policy was in effect but Traveler's was not. Plaintiff's April 2 email does not "identify each insurer's liability" and the lump sum demand of $120,000 "to replace the roof and all related fittings" does not articulate (a) the precise sum alleged to be owed (b) by each insurer (c) for each claim. Plaintiff's claim does not meet the second requirement of Section 542A.003 and is therefore not a statutorily compliant pre-suit notice.

## III.
## CONCLUSION AND PRAYER

Plaintiff's April 2 email is not a statutorily compliant pre-suit notice under either section 541.145 or section 542A.003 of the TEXAS INSURANCE CODE because the email fails to provide Plaintiff's specific complaint against Defendants and does not contain a statement of the acts or omissions giving rise to Plaintiff's claim. The April 2 email also fails to provide the specific amount alleged to be owed on the claim because it does not articulate (a) the precise sum alleged to be owed (b) by each Defendant (c) for each of Plaintiff's claims. Plaintiff's claim correspondence with Defendants, Plaintiff's petition and pleadings in his previous lawsuit against Defendants, and the

---

[22] *Id.* at *3 (italics in the original).
[23] *Id.* at *4.
[24] *Id.* at *5.

---

Defendant's inspections of the Property also do not serve as pre-suit notices, whether singularly or in tandem with the April 2 email, in accordance with the notice requirements of the TEXAS INSURANCE CODE.

Because Plaintiff failed to provide AEIC with a statutorily compliant pre-suit notice at least 60 days before filing his lawsuit, Defendant AEIC respectfully prays that the court grant AEIC's Motion to Cap Attorneys' Fees pursuant to Section 542A.007(d) of the TEXAS INSURANCE CODE, and order that Plaintiff shall not recover any attorneys' fees incurred after August 11, 2023, the date of the filing of AEIC's Motion. AEIC prays for any and all further relief to which AEIC is entitled to at law or in equity.

Respectfully submitted,

*/s/ Colin Batchelor*
COLIN BATCHELOR
State Bar No. 24043545
JOHALI MUZALIWA
State Bar No. 24092881

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
colin.batchelor@tb-llp.com
johali.muzaliwa@tb-llp.com
**ATTORNEYS FOR DEFENDANT**
**AMERICAN ECONOMY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon counsel of record via ECF on the 5th day of September 2023.

*/s/ Colin Batchelor*
COLIN BATCHELOR